## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DONGGUAN MAGNESIUM SHIDA E-COMMERCE CO., LTD.,**

Case No. 8:26-cv-2315

Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,**

Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

## AND DEMAND FOR A JURY TRIAL

Plaintiff Dongguan Magnesium Shida E-Commerce Co., Ltd. ("Plaintiff") files this Complaint for patent infringement against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A hereto (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, to stop Defendants from

importing, offering for sale, and selling products that infringe Plaintiff's United States Design Patent No. D1,096,032 (the "'032 Patent").

2. Defendants are individuals and business entities who, upon information and belief, reside in or operate from the People's Republic of China or other foreign jurisdictions. Defendants, individually or collectively, operate one or more commercial merchant storefronts on the Amazon.com online marketplace under the seller aliases identified on Schedule A hereto (each a "Seller Alias," and collectively, the "Defendant Internet Stores").

3. Through the Defendant Internet Stores, Defendants offer for sale, sell, and ship into the United States, including into this District, exhaust adapters that infringe the '032 Patent (the "Accused Products"), as identified by the Amazon Standard Identification Numbers ("ASINs") set forth on Schedule A.

4. Upon information and belief, Defendants conduct their infringing business through the use of Seller Aliases and only partial or false identifying information in order to conceal their true identities and the full scope and interworking of their operations, to evade enforcement, and to continue their infringing activities.

5. Upon information and belief, Defendants are an interrelated group of infringers acting in active concert to import, distribute, offer for sale, and sell the Accused Products.

## THE PARTIES

6. Plaintiff Dongguan Magnesium Shida E-Commerce Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with a principal place of business in Dongguan, China.

7. Defendants are the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule A hereto. Upon information and belief, each Defendant is an individual or business entity that resides in or operates from the People's Republic of China or another foreign jurisdiction.

8. Each Defendant is identified on Schedule A by the Seller Alias under which it operates its Amazon.com storefront and by the ASIN(s) through which it offers the Accused Products for sale. Because Defendants operate under Seller Aliases and conceal their true identities, Plaintiff is presently unable to identify each Defendant by its true legal name. Plaintiff will seek leave to amend this Complaint to add each Defendant's true name once ascertained through expedited discovery.

## JURISDICTION

9. This Court has exclusive subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has personal jurisdiction over each Defendant. Upon information and belief, each Defendant, directly or through intermediaries, operates one or more fully interactive commercial Internet storefronts on Amazon.com through which it transacts business with consumers located in the State of Florida and in this District.

11. Each Defendant has purposefully directed its activities toward the State of Florida and this District by, among other things, establishing and operating Amazon.com storefronts that (a) are accessible to and used by consumers in this District, (b) offer and are configured to ship the Accused Products to addresses in this District, and (c) accept payment in U.S. currency from consumers in this District.

12. The exercise of personal jurisdiction over each Defendant comports with due process because each Defendant has purposefully availed itself of the privilege of conducting business in this District, Plaintiff's claims arise out of and relate to each Defendant's forum-directed activities, and the exercise of jurisdiction is reasonable.

**VENUE**

13. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because each Defendant is not a resident of the United States and may be sued in any judicial district; the joinder of such a defendant is disregarded in determining where the action may be brought with respect to other defendants.

14. Venue is also proper because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Defendants have committed acts of infringement in this District by offering for sale, selling, and shipping the Accused Products into this District, and Plaintiff has suffered harm in this District.

## JOINDER

15. Joinder of Defendants in a single action is proper under 35 U.S.C. § 299 and Federal Rule of Civil Procedure 20(a)(2).

16. Plaintiff's right to relief against Defendants is asserted with respect to, and arises out of, the same series of transactions or occurrences — namely, the importation, offer for sale, and sale of the same or substantially the same Accused Products, which infringe the same patent (the '032 Patent), through substantially similar Amazon.com storefronts using common concealment tactics.

17. Questions of law and fact common to all Defendants will arise in this action, including whether the Accused Products infringe the '032 Patent and the validity and enforceability of the '032 Patent.

## THE PATENT-IN-SUIT

18. On September 30, 2025, the United States Patent and Trademark Office duly and legally issued United States Patent No. D1,096,032, titled "Exhaust Adapter." A true and correct copy of the '032 Patent is attached as Exhibit A and incorporated herein by reference.

19. Plaintiff is the assignee of all right, title, and interest in and to the '032 Patent, including all rights to enforce the '032 Patent, to prosecute actions for infringement, and to collect damages for all relevant times against infringers of the '032 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute this action for infringement of the '032 Patent.

20. The '032 Patent claims the ornamental design for an exhaust adapter, as shown and described in the patent. The claimed design is embodied in an exhaust adapter used to connect a clothes-dryer vent hose to an exhaust duct or wall vent opening.

21. The '032 Patent is valid and enforceable, and the ornamental design it claims is novel and non-obvious over the prior art.

## COUNT I — INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,096,032

*(Against All Defendants)*

22. Plaintiff incorporates by reference the allegations of Paragraphs 1-21 as if fully set forth herein.

23. Each Defendant has infringed and continues to infringe, directly and/or indirectly, the claim of the '032 Patent in this District and elsewhere in the United States by importing, using, offering for sale, and/or selling the Accused Products without authorization, in violation of 35 U.S.C. § 271. Each Defendant offers for sale and sells the Accused Products through the Amazon.com storefront identified by its Seller Alias and ASIN(s) on Schedule A.

24. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of each Accused Product is substantially the same as the ornamental design claimed in the '032 Patent, such that the resemblance would deceive such an observer, inducing the observer to purchase the Accused Product supposing it to be the patented design. Representative claim charts comparing the '032 Patent to the Accused Products are attached as Exhibit B, and representative screenshots of the

Defendant Internet Stores offering the Accused Products for sale are attached as Exhibit C.[1]

25. Defendants' acts of infringement have been and continue to be willful. At least as of the filing and service of this Complaint, each Defendant has knowledge of the '032 Patent and of the fact that its offering for sale and sale of the Accused Products infringes the '032 Patent, yet each Defendant continues to offer for sale and sell the Accused Products. Defendants' customers who use, resell, or offer the Accused Products are also direct infringers, and Defendants continue to advertise and promote the infringing features of the Accused Products to those customers.

26. Plaintiff is entitled to recover damages adequate to compensate it for the infringement, in no event less than a reasonable royalty under 35 U.S.C. § 284, or, in the alternative and at Plaintiff's election, each Defendant's total profits from the infringing sales under 35 U.S.C. § 289 (an election Plaintiff will make should the Court issue the requested temporary restraining order and subsequent preliminary injunction).

27. Plaintiff also seeks a temporary restraining order and preliminary injunction. Upon information and belief, Defendants present a flight risk

---

[1] Exhibits B and C will be provided after the Court grants a motion to seal in order to prevent funds from being moved after filing of this Complaint.

because they reside in or operate from foreign jurisdictions, primarily the People's Republic of China, and foreign enforcement of any judgment is difficult because China is not a party to a reciprocal judgment-recognition treaty with the United States. Absent immediate relief, Defendants can be expected to conceal or move assets and to continue their infringing activities.

28. Plaintiff further seeks that the temporary restraining order and preliminary injunction direct the relevant third-party online-marketplace platforms (including Amazon.com), payment processors, and financial institutions to identify, freeze, and restrain the funds and accounts associated with the Defendant Internet Stores pending resolution of this action.

29. Unless and until enjoined, Defendants' continued infringement will cause Plaintiff irreparable harm for which there is no adequate remedy at law.

## JURY DEMAND

30. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment and grant relief as follows:

A. A judgment that the '032 Patent is valid and enforceable;

B. A judgment that each Defendant has infringed, directly and/or indirectly, the claim of the '032 Patent, literally and/or under the doctrine of equivalents;

C. A temporary restraining order, preliminary injunction, and permanent injunction enjoining each Defendant and its officers, agents, servants, employees, and all persons in active concert or participation with them from importing, offering for sale, selling, or advertising the Accused Products, and directing that the Defendant Internet Stores and Defendants' associated online-marketplace and financial accounts be restrained pending resolution of this action;

D. An order directing the relevant third-party online-marketplace platforms, payment processors, and financial institutions to identify, disable, freeze, and restrain the accounts and funds associated with the Defendant Internet Stores if the Court grants the temporary restraining order or preliminary injunction, pending further order of the Court;

E. An order authorizing expedited discovery to ascertain the true identities of Defendants, the scope of their infringing operations, and the location of their assets, and authorizing service of process by alternative means, including electronic means;

F. At Plaintiff's election, an award of (i) each Defendant's total profit attributable to the infringement under 35 U.S.C. § 289, or (ii) Plaintiff's actual damages together with a reasonable royalty under 35 U.S.C. § 284, in an amount to be determined at trial, together with pre- and post-judgment interest, provided that Plaintiff shall not recover a double award for the same infringing acts;

G. To the extent damages are awarded under 35 U.S.C. § 284 rather than profits under 35 U.S.C. § 289, trebling of those damages under 35 U.S.C. § 284 based on Defendants' willful infringement;

H. A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

I. Such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

s/ Cole Carlson
Cole Carlson, Esq.
Florida Bar No. 112863
cole@carlsoniplaw.com
412 E. Madison Street, Suite 821
Tampa, FL 33602
Telephone: (813) 445-5175

Patrick Reid
Florida Bar No. 112708

patrick.reid@carlsoniplaw.com
412 E. Madison Street, Suite 821
Tampa, FL 33602
Telephone: (813) 445-5175

*Counsel for Plaintiff Dongguan Magnesium Shida E-Commerce Co. Ltd.*